**JEFF M. HALL, ESQ. (SBN 192656)**
SMITH | HALL | STRONGIN LLP
27345 Ortega Highway, Suite 200
San Juan Capistrano, California 92675
Telephone: (949) 496-8101
Facsimile: (949) 496-0278
jhall@s-hlawyers.com

Attorneys for Plaintiff Ramin Redjai

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIN REDJAI, an individual, | Case No. |
| Plaintiff, | |
| NATIONSTAR MORTGATE, LLC, a Delaware limited liability company, | COMPLAINT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) AND DEMAND FOR JURY TRIAL |
| Defendant. | |

///

///

///

///

///

///

COMPLAINT

## I.

## PRELIMINARY STATEMENT

This is an action for actual damages and statutory damages brought by RAMIN REDJAI, an individual consumer, for NATIONSTAR MORTGAGE, LLC'S violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA").

## II.

## JURISIDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337(a), and 15 U.S.C. § 1692k(d).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because Defendant NATIONSTAR MOTGAGE, LLC transacts business here and the conduct complained of occurred in this judicial district.

## III.

## THE PARTIES

3. Plaintiff RAMIN REDJAI ("REDJAI") is a natural person residing, at all relevant times, in the State of California, County of Orange.

4. REDJAI is a "consumer" as defined by the FDCPA, 15 U.S.C., §1692a(3).

5. Defendant NATIONSTAR MORTGAGE. LLC ("NATIONSTAR") is a Delaware limited liability company, with its principal place of business in Lewisville, Texas, conducting business at all relevant times in the State of California, County of Orange.

6. Defendant NATIONSTAR is in the business of collecting debts, for which it uses the mails and telephone, and it regularly attempts to collect debts alleged to be due to another.

7. NATIONSTAR is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

/ / /

/ / /

## IV.

## GENERAL ALLEGATIONS

8. On or about February 24, 2005, REDJAI executed an Adjustable Rate Note ("Note") and Deed of Trust ("Trust Deed") in favor of Countrywide Home Loans in order to facilitate the purchase of his home, located at 101 Luminous, Irvine, California 92603 ("Property").

9. On or before March 27, 2009, REDJAI was told not to make a payments required by the Note in order to qualify for mortgage assistance.

10. On or about January 31, 2011, REDJAI filed a voluntary petition for Chapter 7 bankruptcy with the United States Bankruptcy Court, Central District of California.

11. On or about May 20, 2011, the court granted REDJAI a discharge from bankruptcy pursuant to 11 U.S.C. § 727.

12. On or about September 1, 2013, NATIONSTAR sent correspondence to REDJAI identifying itself as the new servicer of REDJAI'S loan on the Property.

13. REDJAI is informed and believes and, based thereon, alleges that on or about September 10, 2013, the national credit reporting bureaus were informed, and began reporting, that the Note had voluntarily discharged through REDJAI'S Chapter 7 bankruptcy. REDJAI is further informed and believes and, based thereon, alleges that beginning in our around September, 2013, NATIONSTAR itself reported the Note as being voluntarily discharged in REDJAI'S Chapter 7 bankruptcy to the national credit reporting bureaus.

14. REDJAI is informed and believes and, based thereon, alleges that on or about November 18, 2013, NATIONSTAR caused a "Corporate Assignment of Deed of Trust" to

be recorded with the Orange County Recorder's office, purportedly reflecting NATIONSTAR'S acquisition of the Trust Deed.[1]

15. On or about November 29, 2013, REDJAI sent NATIONSTAR a letter wherein he instructed NATIONSTAR to cease and desist verbal communications with REDJAI.

16. On or about May 13, 2014, NATIONSTAR sent REDJAI a letter seeking to collect a debt evidenced by the Note. The letter explicitly states "N[ATIONSTAR] is a debt collector." A copy of the letter is attached as Exhibit "A".

17. On or about May 14, 2014, NATIONSTAR sent REDJAI another letter seeking to collect a debt evidenced by the Note. The letter explicitly states "N[ATIONSTAR] is a debt collector." A copy of the letter is attached as Exhibit "B".

18. On or about June 18, 2014, NATIONSTAR sent REDJAI a "Mortgage Loan Statement" ("Loan Statement") seeking to collect the amount of $262,846.14, allegedly due under the Note.

19. On or about July 18, 2014, NATIONSTAR sent REDJAI a Loan Statement seeking to collect the amount of $268,032.12, allegedly due under the Note.

20. On or about August 11, 2014, NATIONSTAR called REDJAI on the phone and asked him to validate the debt as part of its effort to collect an unspecified amount allegedly due under the Note. REDJAI advised NATIONSTAR that he was represented by counsel and that he disputed the debt because the Note had been voluntarily discharged by the lender as part of his Chapter 7 bankruptcy.

21. On or about August 19, 2014, NATIONSTAR sent REDJAI a Loan Statement seeking to collect the amount of $273,218.10, allegedly due under the Note.

---

[1] REDJAI disputes the validity of the corporate assignment of the Trust Deed recorded by NATIONSTAR. REDJAI further disputes that NATIONSTAR acquired any legal, equitable and/or pecuniary interest in Trust Deed or Note via the corporate assignment from the Harborview Mortgage Loan Trust 2005-2.

22. Between September 8, 2014 and September 12, 2014, NATIONSTAR called REDJAI on the phone on not less than three occasions in an effort to collect an unspecified amount allegedly due under the Note. REDJAI again advised NATIONSTAR that he was represented by counsel and that he disputed the debt because the Note had been voluntarily discharged by the lender as part of his Chapter 7 bankruptcy.

23. On or about September 15, 2014, NATIONSTAR called REDJAI on the phone and demanded that he validate the debt as part of its effort to collect an unspecified amount allegedly due under the Note. Despite being informed again that REDJAI was represented by counsel and that the Note had been voluntarily discharged by the lender as part of his Chapter 7 bankruptcy, NATIONSTAR told REDJAI he would continue to receive calls until he verified the debt evidenced by the Note.

24. On or about September 19, 2014, NATIONSTAR sent REDJAI a Loan Statement seeking to collect the amount of $278,404.08, allegedly due under the Note.

25. The debt NATIONSTAR sought to collect was a "consumer" "debt" as defined by the FDCPA, 15 U.S.C §§ 1692a, subdivisions (3) and (5).

26. As evidenced by REDJAI'S credit reports, the debt NATIONSTAR sought to collect from REDJAI has been discharged in bankruptcy.

27. NATIONSTAR knew or should have known that the amount it sought to collect from REDJAI had been discharged in bankruptcy.

28. Since July, 2014, REDJAI has been denied credit on not less than three (3) separate occasions as a result of NATIONSTAR reporting REDJAI as being delinquent on the Note to the credit bureau(s).

V.

COUNT I

(FDCPA Violations)

29. REDJAI realleges and incorporates herein by reference each and every allegation contained in all prior paragraphs of this Complaint.

-5-
COMPLAINT

30. REDJAI is informed and believes and, based thereon, alleges that NATIONSTAR violated 15 U.S.C. § 1692f(1) by including in its Loan Statements amounts that were discharged in bankruptcy, thereby collecting or attempting to collect an amount not authorized by law.

31. REDJAI is informed and believes and, based thereon, alleges that NATIONSTAR violated 15 U.S.C. §1692e(2) by making and/or employing false, deceptive and misleading representations by including in its Loan Statements amounts that were discharged in bankruptcy, thereby misrepresenting the amount of debt. Said false, deceptive and misleading representations were knowingly and intentionally made by NATIONSTAR.

32. REDJAI is informed and believes and, based thereon, alleges that NATIONSTAR violated 15 U.S.C. §1692e(8) by reporting credit information to the credit reporting bureaus which it know or should have known was false – including without limitation that REDJAI owed the debt evidenced by the Note and/or that REDJAI owes said debt to NATIONSTAR – and by failing to inform the credit reporting bureaus that REDJAI disputes the alleged debt.

33. REDJAI is informed and believes and, based thereon, alleges that NATIONSTAR violated 15 U.S.C. §1692c(a)(2) by repeatedly contacting him when NATIONSTAR knew that he was represented by counsel.

34. The FDCPA provides for actual damages, statutory damages up to one-thousand dollars ($1,000.00) per violation, costs of the action, and reasonable attorneys' fees. REDJAI has suffered actual damages as the proximate and actual cause and result of NATIONSTAR'S violations of the FDCPA, subject to proof at the time of trial. Therefore, NATIONSTAR is liable to REDJAI for actual damages, statutory damages, costs and attorneys' fees.

///

///

///

**WHEREFORE**, Plaintiff Ramin Redjai prays for judgment in his favor and against Nationstar Mortgage, LLC as follows:

1. On the First Count:
    a. Actual damages, according to 15 U.S.C. § 1692k(a)(1);
    b. Statutory damages, according to 15 U.S.C. § 1692k(a)(2)(A);
    c. Costs of suit, according to 15 U.S.C. § 1692k(a)(3) and Fed.R.Civ.P. 54(d);
    d. Reasonable attorneys' fees, according to 15 U.S.C. § 1692k(a)(3);
    e. Punitive and treble damages; and
    f. For such other and further relief as this Court deems just and proper to carry out the provisions of the FDCPA and/or to further the interests of justice.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Ramin Redjai demands trial by jury in this action of all issues so triable.

Dated: October 6, 2014                SMITH|HALL|STRONGIN LLP


                                /s/ Jeff M. Hall
                                Jeff M. Hall, Esq.
                                Attorneys for Plaintiff Ramin Redjai