**JEFF M. HALL, ESQ. (SBN 192656)**
SMITH | HALL | STRONGIN **LLP**
27345 Ortega Highway, Suite 200
San Juan Capistrano, California 92675
Telephone: (949) 496-8101
Facsimile: (949) 496-0278
jhall@s-hlawyers.com

Attorneys for Plaintiff Ramin Redjai

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIN REDJAI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONSTAR MORTGAGE, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 8:14-cv-01626-JVS-DFMx<br><br>[~~PROPOSED~~] CONFIDENTIALITY ORDER<br><br>[Filed concurrently with Stipulation Regarding Confidentiality Order]<br><br>HONORABLE DOUGLAS F. MCCORMICK, MAGISTRATE JUDGE |

///

///

///

///

**CONFIDENTIALITY ORDER**

11951.0500/4009389.1

GOOD CAUSE HAVING BEEN SHOWN AND THE PARTIES HAVING STIPULATED TO THE SAME, the Court finds that the Stipulated Confidentiality Order is sanctioned by the Court and shall be and now is the Order of the Court. All parties in this action shall abide by the terms of the STIPULATED CONFIDENTIALITY ORDER, the terms of which are as follows:

1. In connection with discovery proceedings in this action, the Parties may designate any document, thing, material, testimony or other information derived therefrom as "Confidential" under the terms of this Confidentiality Order. Confidential information has not been made public and includes trade secrets or other confidential commercial information, sensitive or proprietary business or financial information, personal information, or information furnished to the party producing the information in confidence by a third party, the disclosure of which information may have the effect of causing harm to the person, firm, partnership, corporation, or to the organization from which the information was obtained.

2. By designating a document, thing, material, testimony or other information derived therefrom as "Confidential," under the terms of this Confidentiality Order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation. Confidential documents shall be so designated by stamping copies of the document produced to a party with the designation "CONFIDENTIAL." Stamping the designation "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3. Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceedings to separately bind such portions of the transcript containing information designated as confidential, and to label such

portions appropriately.

4. Material designated as confidential under this Confidentiality Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter referred to as "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose. Confidential Material shall not be disseminated or used beyond the scope of the instant litigation without redacting any and all confidential information. See Paragraph 10 below regarding the use of Confidential Material as part of any court proceeding in this action.

5. Except as otherwise expressly provided herein or ordered by the Court, Confidential Material produced pursuant to this Confidentiality Order may be disclosed or made available only to the following (collectively referred to herein as "Qualified Persons"):

    a. To the Court and Court Staff;

    b. To the counsel of record for a party, including the paralegal, clerical, and secretarial staff employed by such counsel, as well as any attorney service providers employed by such counsel to photocopy, scan, and/or otherwise reproduce or bates-stamp Confidential Material for use in the instant litigation;

    c. To a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    d. To independent experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

    e. To court reporters transcribing a deposition, hearing, or other proceeding in this matter;

SMITH|HALL|STRONGIN LLP
27345 ORTEGA HIGHWAY, SUITE 200
SAN JUAN CAPISTRANO, CA 92675
T: (949) 496-8101 F: (949) 496-0278

11951.0500/4009389.1

   f. To witnesses and potential witnesses in preparation for, and in the course of, depositions or interviews, if, in the reasonable and good faith opinion of the Parties' counsel, examination with respect to such information is for legitimate litigation purposes;

   g. To any mediator, arbitrator, or other alternative dispute resolution facilitator retained for this litigation, subject to the confidentiality inherent in such proceedings; and

   h. To such other persons as the Parties may agree in writing.

Prior to receiving any Confidential Material, any Qualified Person identified above shall be provided a copy of this Confidentiality Order and shall execute a nondisclosure agreement in the form of Exhibit A attached hereto, except that a witness who refuses to execute a nondisclosure agreement may be examined on confidential information at a duly noticed deposition.

6. Depositions shall be taken only in the presence of Qualified Persons, except as noted above.

7. Except for internal use by each party's counsel of record, for the Court, and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to the Confidential Material shall make copies, reproductions, transcripts, or facsimiles of the same or any portion thereof or shall take notes or otherwise summarize the contents of any Confidential Material.

8. If corrected within sixty (60) days of production, an inadvertent failure to designate qualified information or documents as Confidential Material does not, standing alone, waive the designating party's right to secure protection for such material under this Confidentiality Order. If material is appropriately designated after the material was initially produced, the receiving party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Confidentiality Order.

/ / /

-4-
**CONFIDENTIALITY ORDER**

11951.0500/4009389.1

9. If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Confidentiality Order, the receiving party must immediately (i) notify in writing the designating party of the unauthorized disclosures; (ii) use its best efforts to retrieve all copies of the Confidential Material; and (iii) inform the person or persons to whom unauthorized disclosures were made of the all of the terms of this Confidentiality Order.

10. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use, including, but not limited to, meeting and conferring regarding filing and service of documents to maintain confidentiality, bringing a motion for leave to file documents under seal with the court, and such other steps as may be appropriate. Nothing in this Confidentiality Order shall be deemed to limit any party's right to introduce Confidential Material in any court proceeding. The trier(s) of fact may be shown any Confidential Material without first executing the non-disclosure agreement.

11. This Confidentiality Order shall be without prejudice to the right of the Parties to (i) bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under Federal Rules of Civil Procedure 26(c) for a separate Confidentiality Order as to any particular document or information, including restrictions differing from those as specified herein. This Confidentiality Order shall not be deemed to prejudice the Parties in any way in any future application for modification of this Confidentiality Order.

12. This Confidentiality Order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties in this action without involving the Court unnecessarily in the process. Nothing in this

Confidentiality Order nor the production of any information or document under the terms of this Confidentiality Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation or any party or the absence thereof.

13. This Confidentiality Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public. Upon termination of this case, counsel for the Parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

IT IS SO ORDERED.

DATED: April 3, 2015          By: _____
                                  Hon. Douglas F. McCormick
                                  United States Magistrate Judge

# EXHIBIT A

# NONDISCLOSURE AGREEMENT

I, _____ do solemnly swear that I am fully familiar with the terms of the Stipulated Confidentiality Order entered in <u>Redjai v. Nationstar Mortgage, LLC</u>, *et al.*, United States District Court for the Central District of California, Civil Action No. 8:14-cv-01626-JVS-DFM, and hereby agree to comply with and be bound by the terms and conditions of said Stipulated Confidentiality Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of this Court for purposes of enforcing this Stipulated Confidentiality Order.

DATED: _____  By:_____

SMITH|HALL|STRONGIN LLP
27345 ORTEGA HIGHWAY, SUITE 200
SAN JUAN CAPISTRANO, CA 92675
T: (949) 496-8101  F: (949) 496-0278